634 A.2d 707

**Harry ERSEK**

v.

**SPRINGFIELD TOWNSHIP and William Ersek d/b/a Pro Shop.**

**Appeal of SPRINGFIELD TOWNSHIP, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Oct. 4, 1993.

Decided Nov. 22, 1993.

80

Jeffrey P. Hoyle, for appellant.

Richard J. Landry, for appellee Ersek.

Before PALLADINO and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

Springfield Township (Township) appeals an order of the Court of Common Pleas of Delaware County (trial court) which granted summary judgment in favor of William Ersek d/b/a Pro Shop (Ersek). We affirm.

This action was commenced on March 15, 1991 when Harry Ersek (Plaintiff), one of Ersek's employees, filed a complaint against Township. Plaintiff alleged that while he was lawfully on the premises of the Springfield Country Club, he fell on a step leading up to the pro shop and was injured. Plaintiff further alleged that at all times relevant thereto, Township was in exclusive custody, possession and control of the premises and it was Township's duty to keep and maintain the premises in a reasonably safe condition. Specifically, Plaintiff alleged that Township was negligent in permitting to remain on the premises a dangerous and defective condition, namely, new wooden steps with uneven treading. Plaintiff also alleged that Township was negligent in maintaining and constructing the steps in violation of its official building code.

Township filed an answer to Plaintiff's complaint, denying its material allegations. In new matter, Township asserted, among other things, that Plaintiff's claims were barred by the applicable statute of limitations, laches, Plaintiff's own contributory or comparative negligence, governmental immunity and The Pennsylvania Workmen's Compensation Act (Act).[1]

Township also filed a third party complaint against Ersek joining him as an additional defendant. In its third party complaint, Township alleged that at all times relevant thereto, a 1963 lease agreement entered into between Ersek and Township was in full force and effect. Township further alleged that in accordance with the terms of the lease agreement, Ersek was in exclusive care, custody and control of the premises where Plaintiff claimed to have been injured. Township also alleged that pursuant to the terms of lease agreement, it was entitled to indemnification from Ersek for any liability arising out of Plaintiff's lawsuit.

Ersek filed an answer to the third party complaint, denying its material allegations. In new matter, Ersek asserted that Plaintiff's claims were barred and/or limited by the Act and that Ersek's responsibility to Plaintiff was statutorily defined.

Following discovery, Ersek filed a motion for summary judgment. Ersek asserted that Plaintiff was injured during the course of his employment at the pro shop and, as such, applied for and received workmen's compensation benefits from Ersek. Ersek also asserted that workmen's compensation benefits were Plaintiff's exclusive remedy against him under Section 303(a) of the Act, 77 P.S. § 481(a), which grants tort immunity to employers.

With respect to whether Township was entitled to indemnification, Ersek asserted that although the lease agreement contained a general indemnification clause which provided that Ersek would indemnify and save harmless Township from damages arising out of work and/or services contemplated by the lease, it did not specifically provide that Township would be indemnified for claims arising out of its own negligence.

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

Lastly, Ersek asserted that because Employee's accident was caused solely by Township's negligence, Ersek had no duty to indemnify Township pursuant to the lease agreement.

On November 2, 1992, the trial court granted Ersek's motion for summary judgment, specifically concluding that "[n]o explicit language is employed [in the lease] which communicates the intent that the Township expected indemnification for its own negligence as well as the negligence of others." Trial Court Opinion at 4–5. Township appealed to this court.

■ The sole issue presented on appeal is whether the trial court erred as a matter of law in granting Ersek's motion for summary judgment.[2] Summary judgment shall be entered where the pleadings, depositions, answers to interrogatories, and admissions together with affidavits, if any, demonstrate that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. No. 1035; *Marks v. Tasman,* 527 Pa. 132, 589 A.2d 205 (1991).

■ As a preliminary matter, we note that an employer's liability under the Act is exclusive and in place of any and all other liability to employees on account of work-related injuries. 77 P.S. § 481. In the event an employee's injury is caused by a third party tortfeasor, the Act also limits the circumstances under which the third party may seek damages, contribution or indemnity from the employer. *Id.* Specifically, Section 303(b) of the Act provides in pertinent part:

the employer ... shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, *unless* liability for such damages, contributions or indemnity *shall be expressly provided for in a written contract* entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

77 P.S. § 481(b) (emphasis added).

In the instant case, Township and Ersek entered into a

2. In reviewing a grant or denial of summary judgment, we must determine whether the trial court abused its discretion or committed an error of law. *Sanchez v. Philadelphia Housing Authority,* 148 Pa.Commonwealth Ct. 329, 611 A.2d 346 (1992).

lease agreement on October 15, 1963.[3]  Township asserts that when read in its entirety, the language contained within the four corners of the lease clearly establishes Ersek's obligation to indemnify Township for its own negligence.[4]  We disagree.

■  With respect to indemnity contracts in general, our supreme court has held that if parties intend to include within the scope of their indemnity agreement a provision which covers losses due to the indemnitee's own negligence, they must do so in clear and unequivocal language.  *Ruzzi v. Butler Petroleum Co.,* 527 Pa. 1, 588 A.2d 1 (1991).  An inference from words of general import cannot establish such indemnification.  *Id.*

Similarly, Pennsylvania's intermediate appellate courts have held that in order for an employer to be held liable for indemnification for employee injuries caused by the negligence of the indemnitee, there must be an express provision for this contingency in the indemnification clause.  *Remas v. Duquesne Light Co.,* 371 Pa.Super. 183, 537 A.2d 881, *petition for allowance of appeal denied,* 520 Pa. 598, 552 A.2d 252 (1988); *Babjack v. Mt. Lebanon Parking Authority,* 102 Pa.Commonwealth Ct. 499, 518 A.2d 1311 (1986).

■  In support of its position, Township relies upon three separate lease provisions.  First, Township cites the following language:

The Lessee agrees that the Lessor shall not be held responsible for, and Lessor is hereby especially relieved from any liability by reason of damage or injury to persons . . . caused by any leak or break in any part of the demised

---

**3.**  For purposes of his motion for summary judgment, Ersek agreed that this lease was in effect at the time that Plaintiff sustained his injuries.

**4.**  Township also asserts that the trial court ignored Township's claim that even if the lease agreement did not require Ersek to indemnify Township for Township's own negligence, it at least obligated Ersek to indemnify Township for Ersek's negligence.  Our review of the trial court's opinion, however, reveals that, contrary to Township's assertions, the trial court did not ignore this claim.  Instead, the trial court held that because Plaintiff was an employee, Ersek's entire liability was limited by the mandates of the Workmen's Compensation Act.  We agree.

premises or in the pipes or plumbing work of the same . . .
or that may be caused by the acts of any person or persons
whether representing the Lessor or otherwise.

Lease Agreement at 1.

In *Babjack,* we considered a similar lease provision which
provided that "the Lessor . . . shall not be liable for personal
injury to Lessee, Lessee's employees or guests, which might
arise from the condition of the Premises . . . or that may be
caused by the acts of any person or persons whether repre-
senting the Lessor or otherwise." Upon consideration of this
language, however, this court held that the subject lease
lacked an express undertaking by the lessee to indemnify the
lessor for injuries suffered by the lessee's employees and, as
such, would not permit joinder of the lessee as an additional
defendant under Section 303(b) of the Act. Instead of impos-
ing upon the lessee the obligation to indemnify the lessor, we
noted that the language merely provided that the lessor "shall
not be liable for personal injury" arising from the condition of
its premises.

With respect to the lease before us, we similarly conclude
that the language cited by Township simply states that Town-
ship is "especially relieved from any liability" arising from a
leak or break in the premises. We further conclude that this
provision does not provide that Ersek would indemnify Town-
ship for its own negligence.

█ Second, Township relies upon the following paragraph
contained in an addendum to the lease agreement:

3. Lessee [Ersek] covenants and agrees to indemnify and
save harmless the Lessor [Township], and does hereby
assume all liability and agrees to pay any and all loss, cost,
charges and damages arising from personal injuries and for
injuries to property or otherwise, happening on or by reason
of the work and/or services contemplated in this Lease
including reasonable attorneys fees and expenses of suit or
defense.

Addendum to Lease Agreement, paragraph 3.

Again, we note that in considering a general indemnification
clause such as the one before us, the superior court concluded

that the absence of specific, express language that the lessee would indemnify the lessor against the lessor's own negligence in a claim by the lessee's employee mandated the conclusion that the provision did not meet the requirements of Section 303(b) of the Act. *Bester v. Essex Crane Rental Corp.*, 422 Pa.Super. 178, 619 A.2d 304 (1993). Although we are not bound by the decisions of our sister court, we adopt the rationale it employed in reaching its decision in *Bester.*

In the lease before us, paragraph 3 of the addendum does not expressly state that Ersek shall indemnify Township against Township's own negligence in a claim by one of Ersek's employees. Therefore, we conclude that its language does not satisfy the specificity requirement of Section 303(b).

█ Last, Township cites paragraph 4 of the addendum, which provides, in pertinent part, as follows:

> 4. Lessee further covenants and agrees to have and maintain at all times during this Agreement ... public liability insurance ... for property damage and ... personal injuries....

Addendum to Lease Agreement, paragraph 4.

However, a contract which provides that an additional defendant-employer agrees to maintain public liability insurance for property damage and personal injuries does not constitute an express undertaking by the employer to indemnify a third party for its own negligence in actions involving injured employees. *See Gerard v. Penn Valley Constructors*, 343 Pa.Super. 425, 495 A.2d 210 (1985) (provision requiring employer/subcontractor to submit to general contractor proof of public liability insurance for personal injury did not constitute an express undertaking by the subcontractor to indemnify the general contractor against third-party negligence claims by subcontractor's employees).

Based upon the foregoing analysis, we conclude that the lease provisions upon which Township relies do not represent an express undertaking by Ersek to indemnify Township for injuries suffered by Ersek's employees as a result of Township's negligence. Therefore, we further conclude that the

trial court did not err in granting summary judgment in favor of Ersek.

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, November 22, 1993, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is affirmed.