**TOWNSHIP OF SPRINGFIELD,**
**Appellant,**

v.

**William ERSEK, D/B/A The Pro Shop and Harry Ersek and The Travelers Insurance Co. (Two Cases).**

Commonwealth Court of Pennsylvania.

Argued May 8, 1995.

Decided June 2, 1995.

Reargument Denied July 28, 1995.

Jeffrey P. Hoyle, for appellant.

Charles E. Mclafferty, for appellee William Ersek, d/b/a The Pro Shop.

Charles W. Craven, for appellee The Travelers Ins. Co.

Before DOYLE and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Township of Springfield (Township) appeals from the order of the Court of Common Pleas of Delaware County that sustained the preliminary objections of William Ersek (a/k/a the Pro Shop (Ersek)) and Travelers Insurance Co. (a/k/a Phoenix Insurance Co. (Phoenix)) and dismissed the Township's declaratory judgment action on the basis of collateral estoppel. We affirm in part and reverse and remand in part.

## I. FACTS

The present action was precipitated by a lawsuit filed by Harry Ersek (Employee), an employee of Ersek at the Pro Shop of the Springfield Township Country Club. Employee sustained a work-related injury when he slipped and fell on the steps leading from the front door of the Pro Shop into its parking lot.[1] The Township which leased the Pro Shop to Ersek required him to obtain an insurance liability policy in which the Township was an additional insured.[2] The Town-

---

1. Employee's lawsuit against the Township, alleging that the Township was negligent, is still pending before the court of common pleas.

2. Ersek's policy of insurance with Phoenix names the Township as an additional insured and provides that:

The 'persons insured' provision is amended to include as an insured the person or organization named below but only with respect to liability arising out of the operations performed by the named insured.
Name of Person or Organization
(Additional Insured)

ship had joined Ersek as an additional defendant in that cause of action, stating that pursuant to a lease agreement, Ersek undertook the obligation of the care, custody and control of the premises and the obligation to indemnify and hold harmless the Township from all liability for claims raised by Employee.

The Court of Common Pleas of Delaware County disagreed with the Township's contentions and entered summary judgment in favor of Ersek. The trial court found that Ersek had not waived via the lease agreement with the Township, the statutory workers' compensation immunity available to him as an employer. Further, the trial court held that the lease agreement between the Township and Ersek did not obligate Ersek to indemnify or contribute to any loss the Township might sustain as a result Employee's lawsuit against the Township. On appeal to this Court, we affirmed. *Ersek v. Springfield Township and William Ersek* (*Ersek I* ), 160 Pa.Commonwealth Ct. 79, 634 A.2d 707 (1993).

On September 9, 1992, the Township filed a declaratory judgment action against Ersek and Phoenix, requesting the trial court declare that Ersek and Phoenix owe the Township the duty to defend, indemnify and hold it harmless for the claims made in the underlying action because the Township is an additional insured under the policy Ersek obtained from Phoenix. (7a).

■ Ersek and Phoenix filed preliminary objections, asserting that the Township was collaterally estopped based upon the holding of *Ersek I.* The trial court sustained the preliminary objections filed by both Ersek and Phoenix, finding that all the necessary

elements for collateral estoppel were present. The Township now appeals.[3]

The Township argues that the trial court erred as a matter of law in holding that its complaint is barred by the doctrine of collateral estoppel. The concept of collateral estoppel or issue preclusion "forecloses relitigation in a later action, of an issue of fact which was actually litigated and which was necessary to the original judgment." *City of Pittsburgh v. Zoning Board of Adjustment,* 522 Pa. 44, 55, 559 A.2d 896, 901 (1989).

> Collateral estoppel will preclude review of an issue when (1) an issue decided in a previous adjudication is identical to the issue presented in the present controversy; (2) there was a final judgment on the merits; (3) the party against whom the estoppel claim is made was a party, or was in privity with a party to the previous adjudication; and (4) the party had a full and fair opportunity to litigate the issue in the previous action.

*Lehigh Valley Power Committee v. Pennsylvania Public Utility Commission,* 128 Pa.Commonwealth Ct. 259, 563 A.2d 548 (1989). In this case, it is necessary for us to look at the Township's claim against Employer and Phoenix separately in order to determine whether the trial court properly sustained the preliminary objections.

## II. THE TOWNSHIP'S CLAIM AGAINST ERSEK

■ The Township contends that its action against Ersek is not barred by the doctrine of collateral estoppel because Ersek's obligation under the insurance provision contained in both the lease agreement[4] and an

SPRINGFIELD TOWNSHIP
50 PELL ROAD
SPRINGFIELD, PA 19604
(170a).

3. This Court's scope of review is limited where there is a challenge to the sustaining of a preliminary objection in the nature of a demurrer. *Crum v. Burd,* 131 Pa.Commonwealth Ct. 550, 571 A.2d 1, *appeal denied,* 525 Pa. 649, 581 A.2d 574 (1990). We must consider as true all well-pleaded material facts in the complaint as well as all reasonable inferences that may be drawn from those facts. *Capital City Lodge No. 12, Fraternal Order of Police v. City of Harrisburg,*

138 Pa.Commonwealth Ct. 475, 588 A.2d 584 *appeal denied,* 528 Pa. 614, 596 A.2d 159 (1991). The question presented by a demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible and only then will a court reverse the trial court's decision because of an error of law or clear abuse of discretion. *O'Brien v. Township of Ralpho,* 166 Pa.Commonwealth Ct. 337, 646 A.2d 663 (1994).

4. 4. Lessee further covenants and agrees to have and maintain at all times during this Agreement ... public liability insurance ... for property damage and ... personal injuries....

employment contract,[5] requiring public liability indemnity naming the Township as an additional insured, was not determined in *Ersek I.*

In *Ersek I*, the issue was whether Ersek had a duty under his lease agreement with the Township to indemnify and contribute to the Township's costs and expenses as a result of Employee's lawsuit against the Township. We examined the lease agreement as a whole, including the insurance provision, and specifically held that Ersek had no duty as a matter of law to indemnify or contribute to the Township's costs and expenses as a result of Employee's negligence suit against the Township. We stated that:

> a contract which provides that an additional defendant/employer agrees to maintain public liability insurance for property damage and personal injuries does not constitute an express undertaking by the employer to indemnify a third party for its own negligence in actions involving injured employees.

*Id.* at 86, 634 A.2d at 711 (citation omitted). Thus, we clearly held that the lease agreement which obligated Ersek to maintain public liability insurance for property damage and personal injuries did not constitute an express undertaking by Ersek to indemnify the Township for injuries suffered by his employees as a result of the Township's sole negligence.

Because Ersek has no duty as a matter of law under the lease (or the employment contract) to indemnify or contribute to the Township's costs and expenses as a result of Employee's negligence action, the Township is now precluded from attempting to create a duty where this Court specifically found no duty existed. *Ersek I.* Regardless of the Township's reliance on other documents, the

issue of indemnity was fully litigated and determined in *Ersek I.*[6]

Therefore, we hold that the trial court did not err in sustaining Ersek's preliminary objections and dismissing the Township's declaratory judgment action against Ersek on the basis of collateral estoppel as all issues as to Ersek have been previously considered and litigated. *Ersek I.*

### III. THE TOWNSHIP'S CLAIM AGAINST PHOENIX

The Township's argument that collateral estoppel does not apply to the claims against Phoenix as they are governed by the terms of the insurance policy, however, requires consideration of other factors.

■ Phoenix takes the position that any possible liability on its part is governed by the interpretation of Ersek's potential liability to the Township under his lease agreement and/or employment agreement with the Township. However, neither the lease agreement nor the employment agreement controls the legal relationship or obligations between the Township and Phoenix. Thus, what is at issue here, which was not at issue in *Ersek I*, are the terms of the insurance contract. As the court held in *Transport Indemnity Co. v. Home Indemnity Co.*, 535 F.2d 232 (3rd Cir.1976), insurance carriers are not parties to lease agreements and their liabilities are governed solely by the contract they enter into with their insureds. The fact that the lease between the Township and Ersek has been held to be not specific enough to constitute a waiver of Ersek's immunity under the Workmen's Compensation Act bears no relevance to the duties of Phoenix to the Township under the policy insurance issued naming the Township as an

(14a).

5. The Township's argument pertaining to the lease agreement concerns under a similar provision set forth in an employment agreement between it and Ersek. Because we believe the law is the same in regard to our interpretation of these agreements, we will generally refer only to the lease agreement, even though we are considering both documents.

6. *See DiPietro v. City of Philadelphia*, 344 Pa.Superior Ct. 191, 496 A.2d 407 (1985), which held that in provisions to indemnify via the purchase of insurance, there must be clear and unequivocal language in the insurance provision indicating that the party seeking relief is to be protected from losses as a result of its sole negligence and the burden of proof falls on the party seeking such relief.

additional insured.[7]

The Township's rights against Phoenix neither rest upon a showing that Ersek was negligent in causing Employee's injury in the underlying action nor rest upon a showing that Ersek has an obligation to indemnify the Township based upon contract or common law. The insurance contract between Phoenix and the Township provides independent rights to the Township which are at issue here. The clear language of the policy requires Phoenix to defend and indemnify the Township for the Township's own alleged negligence in the causation of Employee's injuries.

■ Phoenix does not dispute that it issued a policy to Ersek and named the Township as an additional insured. The Township is named as an additional insured "with respect to liability arising out of operations performed by the named insured." (170a). Those operations are broadly defined in the policy as "Golf Pro Shop operations conducted by the insured...." (141a, 172a). This policy clearly provides coverage to the Township where an injury occurs on the Pro Shop premises as a result of the Pro Shop's operations, regardless of whether the negligence which gives rise to the claim rests with Ersek or with the Township. Had Phoenix sought to restrict coverage to only claims arising from the negligence of Ersek, it could have clearly so stated in the additional insured endorsement language, rather than stating that the Township was insured with "respect to liability arising out of Ersek's operations." (170a). It is the law of Pennsylvania that exceptions to general liability of the insured are to be strictly construed against the insurance company. *Miller v. Prudential Insurance Co. of America,* 239 Pa.Superior Ct. 467, 362 A.2d 1017 (1976).

The policy of insurance issued by Phoenix provides that the steps leading to the Pro Shop are part of the "insured premises" as they are "ways immediately adjoining on land." (169a). It is undisputed that Employee fell in the scope of his employment and that this activity is certainly within the definition of Golf Pro Shop "operations" conducted by Ersek.

In *Philadelphia Electric Co. v. Nationwide Mutual Insurance Co.,* 721 F.Supp. 740 (E.D.Pa.1989), the Philadelphia Electric Co. (PECO) contracted with Davy Tree Expert Co. (Davy) to clear trees from around its power lines. The contract between PECO and Davy required Davy to obtain insurance naming PECO as an additional insured. One of Davy's tree trimmers suffered injury when electricity arched from a power line. When the injured worker brought suit against PECO, PECO sought coverage under that policy. The certificate of insurance stated that PECO, its officers, agents and employees are additional insureds for any work performed by Davy on their behalf. The insurance company argued that the certificate of insurance covered only instances in which PECO could be found vicariously liable for Davy's negligence and not for its own negligence. The court did not agree, finding that:

> The contract language in this case contemplates a wider scope of coverage ... [i]f the parties had intended coverage to be limited to the vicarious liability type suggested by [Davy], language clearly embodying that intention was available ... [h]ere the language of the certificate should be read to include all liability arising in connection with [Davy] ... including PECO's own negligence.

*Id.* at 742.

■ The language in the policy issued by Phoenix covers the Township as an additional insured "with respect to liability *arising out of* operations performed by the named insured." (170a) (emphasis added). "Arising out of" has been defined as causally connected with, not proximately caused by. *McCabe v. Old Republic Insurance Co.,* 425 Pa. 221, 228 A.2d 901 (1967).[8] We believe that not

---

7. *See Walters v. Dunlap,* 250 F.Supp. 76 (W.D.Pa. 1966) *aff'd,* 368 F.2d 118 (3d Cir.1966), which held that under Pennsylvania law, the decision must rest upon a construction of the language employed by the respective insurers and not upon any so called primary tort-feasor doctrine or upon any arbitrary rule or circumstance.

8. *See McIntosh v. Scottsdale Insurance Co.,* 992 F.2d 251 (10th Cir.1993), where the plaintiff

only Pennsylvania but other jurisdictions have interpreted similar insurance provisions such as the one found in the Phoenix policy to require the insurer to provide a defense and indemnify an additional insured for the additional insured's negligence which occurred on the covered premises. Therefore, because *Ersek I* relied upon only upon the legal implications of the lease agreement between the Township and Ersek, we hold that the trial court erred in sustaining the preliminary objections in favor of Phoenix and dismissing the Township's declaratory judgment action. Therefore, we reverse and remand to the trial court for further consideration of this matter.

Accordingly, the order of the trial court is affirmed in part as to Ersek and reversed in part and remanded as to Phoenix.

### ORDER

AND NOW, this 2nd day of June, 1995, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is hereby affirmed in part and reversed in part and the case is remanded in accordance with the foregoing opinion.

Jurisdiction relinquished.

suffered injuries from a fall on a local municipality's premises during a festival operated by a non-profit corporation. The non-profit corporation had obtained liability insurance where the municipality was an additional insured. The endorsement provided that "the persons insured" provision is amended to include as an insured the person or organization named below but only with respect to liability arising out of operations performed for such insured or on behalf of the named insured." *Id.* at 254. The plaintiff's suit against the municipality argued that the municipality failed to warn of a dangerous condition on the premises which caused the injury. The court found that the municipality's liability "arose out of" the non-profit corporation's operation of the festival and that the additional insured endorsement required the insurer to indemnify the municipality for its own negligence, and not merely for vicarious liability. *Id.* at 255.