**John K. MAHON, M.D.**

v.

**CITY OF BETHLEHEM, Officer Joseph G. Gross, Officer Crenko, Officer Ladics, Sergeant Frances Donchez, Sergeant John Doe, and Bethlehem Musikfest Association, a/k/a Musikfest.**

**Civ. A. No. 94-CV-5078.**

United States District Court, E.D. Pennsylvania.

Oct. 17, 1995.

David Lockard, Dora Rose, David Lockard and Associates, P.C., Philadelphia, PA, for John K. Mahon, M.D.

Michael C. Nugent, Jay E. Mintzer, Edelstein, Mintzer & Sarowitz, Philadelphia, PA, for City of Bethlehem, et al.

Daniel G. Leeds, Patrick J. Healey, Harris & Silverman, Philadelphia, PA, for Bethlehem Musikfest.

## MEMORANDUM

JOYNER, District Judge.

Defendants City of Bethlehem and Police Officers Joseph Gross, Crenko and Ladics and Sergeants Frances Donchez and Bernie Benko (Moving Defendants) ask this Court to reconsider our August 28, 1995 Memorandum and Order granting Bethlehem Musikfest Association's Summary Judgment Motion on Moving Defendants' cross-claim against Musikfest. This Court will reconsider a decision if it is necessary to "correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A motion to reconsider is not simply an opportunity to reargue the issue.

The Moving Defendants' cross-claim against Musikfest is for indemnity under several leases entered into between the City of Bethlehem and Musikfest. Each of these leases contains an identical clause providing that:

> Lessee shall indemnify and hold harmless Lessor from and against all suits or claims that may be based upon the injury or alleged injury, including death, to any person or property that may occur or that may be alleged to have occurred, in the course of the performance of this Lease by Lessee, whether such claims shall be made by an employee of the Lessee, or by a third party, whether or not it shall be claimed that the injury or alleged injury was caused through the negligent act or omission of Lessor, its agents or employees. Lessee shall, at Lessee's own expense, pay all charges of attorneys, and all costs and other expenses arising therefrom or incurred in connection therewith, and if any judgment shall be rendered against Lessor in any such action or actions, Lessee at Lessee's own expense, shall satisfy and discharge the same.

In our original ruling we held that in Pennsylvania it is against public policy for a party to be indemnified for its own intentional torts. We ruled that Plaintiff's 42 U.S.C. § 1983 lawsuit pleaded that the individual Moving Defendants used excessive force in arresting Plaintiffs and that the City had a policy or custom that caused the individual Moving Defendants' actions, and that both these claims pleaded intentional conduct. Therefore, we ruled that the Moving Defendants could not be indemnified. Today, Moving Defendants assert that this Court made a number of errors that warrant reconsideration.[1]

---

1. We remind readers that this Motion for Reconsideration arises out of a Motion for Summary Judgment. For this reason, we must take Plaintiff's facts as true. This opinion, of course, does not make any statement as to the merits of Plaintiff's claims.

■ First, Moving Defendants argue that we erred by relying on cases involving common-law rights to indemnity because this action concerns a contract for indemnity. They argue that the two types of rights to indemnity are so different that the public policy behind each one is also different. Moving Defendants also argue that we erred by relying on a case involving insurance coverage, because this case does not involve insurance coverage.[2]

We agree that the common-law right to indemnity is different from the contractual right to indemnity, as is an insured's right to insurance coverage. However, neither the parties nor this Court have been able to find any Pennsylvania cases addressing contracts for indemnity in the context of intentional torts or civil rights violations. It is appropriate then, for us to look to analogous cases for guidance as to what the Pennsylvania Supreme Court would do if faced with this situation. We find that contracts for insurance are sufficiently analogous to contracts for indemnification to permit their use in our decision-making, as are the policies behind common-law rights to indemnification.

Second, Moving Defendants attempt to distinguish this civil rights case from other types of cases. They argue that Plaintiff's § 1983 claim is statutory, and because of this, it has "nothing whatsoever to do with claims of negligence and other intentional torts." Moving Defs.' Brief at 6. Moving Defendants encourage us to look to other federal statutes' case-law to determine whether the instant clauses are enforceable. They cite cases enforcing indemnity clauses under the Comprehensive Environmental Response and Compensation Liability Act, 42 U.S.C. § 9607 (CERCLA) to demonstrate that the instant clause is valid.[3]

Moving Defendants made these arguments in their original pleadings and we considered them then. This is an example of rearguing the issue and not seeking to rectify a manifest error of law. Accordingly, we will not reconsider our August 28, 1995 decision on the above grounds. Even if we did, we would not find that CERCLA is more useful to our analysis than any other body of case-law simply because it is a federal statute, or because CERCLA cases exist that concern leases for land.

■ Third, Moving Defendants argue that we erred by characterizing their acts as intentional. They assert that Plaintiff's claim is that the individual Moving Defendants used excessive force in arresting him, not that they intentionally injured him. Likewise, they argue that the claim against the City is that it had a custom or policy that fostered and/or allowed the individual Moving Defendants' actions, not that the City's intentional acts injured Plaintiff.

Musikfest disagrees with Moving Defendants' characterization of Plaintiff's claims. It cites Plaintiff's Complaint, which alleges that Officer Gross hit Plaintiff on the head, yanked Plaintiff's arms up and down, lifted Plaintiff three inches off the ground, smashed him on the hood of a police car and threatened Plaintiff with more physical violence. Further, the City is alleged to have, with deliberate indifference, failed to train or sanction their employees, which caused the individual Moving Defendants to engage in unlawful conduct. Musikfest asserts that these allegations plainly demonstrate intentional acts by Moving Defendants. Further, it points out that it is well established that § 1983 liability cannot be predicated on negligent conduct. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

---

**2.** Moving Defendants assert that on the merits, our decision "essentially reached the conclusion that it is against public policy for municipalities to obtain insurance to cover police liability claims for excessive force." Moving Defs.' Brief at 10. They argue that such a ruling would wreak havoc in this state because almost every municipality owns liability coverage. We disagree. Our ruling does not affect any insurance coverage Moving Defendants may have. Rather, our ruling is limited to interpreting the indemnity provisions in the leases at issue.

**3.** Musikfest argues that CERCLA cases are irrelevant to this Court's decision because CERCLA contains a specific provision authorizing indemnity. *See* 42 U.S.C. § 9607(e)(1). They point out that there is no provision in § 1983 expressly permitting indemnification and argue that we should disregard CERCLA cases on that basis.

We agree with Musikfest that Plaintiff's claims allege that Moving Defendants' actions were intentional, not negligent. For that reason, we will not reconsider our characterization of Plaintiff's Complaint.

■ Last, Moving Defendants argue that as a matter of law, the indemnity clauses cover Plaintiff's claims and for this reason we erred in dismissing their cross-claim for indemnity. In Pennsylvania, an indemnification clause's language must be clear and unequivocal in order to cover claims for an indemnitee's own negligence. *Ruzzi v. Butler Petro. Co.,* 527 Pa. 1, 588 A.2d 1, 4–5 (1991); *Ersek v. Springfield Township,* 160 Pa.Comm. 79, 634 A.2d 707, 710–11 (1993). Moving Defendants assert that the language of the instant clauses is broad and inclusive enough to cover their acts.

■ Musikfest asserts that the clauses do not apply to this action because they are not specific enough to cover intentional conduct and/or civil rights violations. Rather, they argue, the clauses' emphasis on negligent conduct and the absence of language referring to intentional conduct shows that the clauses only cover negligence by the indemnitees. Because this action is one for intentional conduct, Musikfest argues, the clauses do not cover the claims at bar, and summary judgment is appropriate.

■ We agree. Pennsylvania courts require specificity in indemnification clauses before an indemnitee's own negligence will be covered. *Id.* Words of general import are not enough. *Id.* So, in *Ruzzi* and other Pennsylvania cases, when an indemnity clause provides for indemnity for "all loss, cost or expense," or for "any and all liability for claims for loss, damage, injury or other casualty," the courts hold that negligence is not covered because no specific reference to negligence was made. 527 Pa. at 4, 588 A.2d at 4. There is even more reason to demand specificity when the indemnitee seeks to be indemnified for his or her own intentional conduct. The clauses at issue make no reference to intentional torts, but rather use terms of general import except on the subject of negligence. The drafters could have included terms relating to intentional torts if they had so desired and as they did for negligent torts. They did not and we hold that as a matter of law the clauses do not indemnify Moving Defendants for their own intentional torts.

An appropriate Order follows.

### ORDER

AND NOW, this 16th day of October, 1995, upon consideration of Motion of Defendants City of Bethlehem, Officers Gross, Crenko and Ladics and Sergeants Donchez and Benko to Reconsider and Vacate the Court's Order of August 28, 1995, and responses thereto, the Motion is hereby DENIED.