MEMORANDUM AND ORDER
 

 VAN BEBBER, Chief Judge.
 

 This matter is before the court on defendant’s motion for summary judgment (Doe. 54) and plaintiffs cross-motion for summary judgment (Doc. 57). The parties oppose the respective motions. Based on the record before the court, and for the reasons set forth below, plaintiffs motion is granted and defendant’s motion is denied.
 

 Plaintiff CertainTeed Corp. (“Certain-Teed”) has brought this declaratory judgment action against defendant Employers Insurance of Wausau (“Wausau”). Jurisdiction is based upon 28 U.S.C. § 1332, diversity of citizenship. At issue is the scope of insurance coverage provided to CertainTeed under an additional insured endorsement in two insurance policies issued by Wausau to Henry F. Teichmann, Inc. (“Teichmann”), a construction contractor.
 

 Teichmann contracted with CertainTeed to complete a construction project at Certain-Teed’s manufacturing plant. As part of the construction project, Teichmann hired laborers to perform work at CertainTeed’s plant. One of the laborers, Barney Dixon, fell from a platform while performing work on the construction project and sustained injuries. Dixon brought suit against CertainTeed to recover for those injuries.
 

 CertainTeed seeks a declaration that the additional insured endorsement provision in Teichmann’s insurance policies requires Wausau to defend and to indemnify Certain-Teed in the underlying action of
 
 Dixon v. CertainTeed, Corp.,
 
 No. 94-2310-GTV
 
 (“Dixon
 
 action”). Wausau denies that it owes either a duty to indemnify or to defend CertainTeed in the
 
 Dixon
 
 action,
 

 I. UNCONTROVERTED FACTS
 

 The following facts from the parties’ cross-motions for summary judgment are uncontroverted or, if controverted, are construed in a light most favorable to the nonmoving party.
 
 Applied Genetics Int’l Inc. v. First Affiliated Sec., Inc.,
 
 912 F.2d 1238, 1241 (10th Cir.1990).
 

 In May 1994, Teichmann entered into a contract with CertainTeed to complete a construction project at CertainTeed’s manufacturing plant. One provision of that contract obligated Teichmann to secure and maintain a commercial general liability insurance policy with a five million dollar limit for the project. Another contract provision required that Teichmann provide CertainTeed with a certificate of insurance prior to beginning work on the construction project. The construction contract mandated that the certificate of insurance verify that Teichmann had acquired all necessary insurance coverage that the construction contract required, had insurance coverage in place for all liability that Teichmann assumed under that contract, and had obtained insurance coverage for CertainTeed as an additional insured under Teichmann’s insurance policy.
 

 Teichmann previously had purchased from Wausau a one million dollar commercial general liability insurance policy that provided Teichmann with liability insurance coverage for all its construction projects. In accordance with the construction contract, Teichmann also purchased a commercial umbrella liability insurance policy from Wausau to increase its liability coverage to five million dollars for the construction project at CertainTeed’s plant. These policies were in effect during the time period relevant to the instant action.
 

 Both the commercial liability policy and the commercial umbrella policy included an additional insured endorsement. In order to qualify under the policies for coverage as an additional insured, the construction contract between Teichmann and CertainTeed had to
 
 *828
 
 require that Teichmann secure additional insured coverage. The construction contract between Teichmann and CertainTeed satisfied this requirement. CertainTeed was an additional insured under the policies during the construction project.
 

 Barney Dixon, a Teichmann laborer, sustained injuries in a fall from a platform at CertainTeed’s facility. Dixon brought suit against CertainTeed to recover for those injuries
 
 (“Dixon
 
 action”). In that action, Dixon claims that his injuries are the result of CertainTeed’s negligence in failing to exercise reasonable care in keeping its premises in a reasonably safe condition.
 

 In a letter to Wausau, CertainTeed stated that it would seek indemnification as an additional insured under Teichmanris insurance policy for any liability CertainTeed incurred in the
 
 Dixon
 
 action. CertainTeed also claimed that the insurance policy required Wausau to defend CertainTeed in the
 
 Dixon
 
 action. Wausau responded to CertainTeed’s letter and denied that Teichmanris insurance policy required Wausau either to indemnify or to defend CertainTeed in the
 
 Dixon
 
 action.
 

 II. SUMMARY JUDGMENT LEGAL STANDARDS
 

 Summary judgment is appropriate only “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Fed.R.Civ.P. 56(c). The court must examine the factual record and reasonable inferences therefrom in a light most favorable to the party who opposes summary judgment.
 
 Applied Genetics Int’l Inc. v. First Affiliated Sec., Inc.,
 
 912 F.2d 1238, 1241 (10th Cir.1990).
 

 The moving party has the initial burden of showing “that there is an absence of evidence to support the nonmoving party’s ease.”
 
 Celotex Corp. v. Catrett,
 
 477 U.S. 317, 325, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). Once the moving party meets this burden, the burden shifts to the non-moving party to identify specific facts that show the existence of a genuine issue of material fact.
 
 Bacchus Indus., Inc. v. Arvin Indus., Inc.,
 
 939 F.2d 887, 891 (10th Cir.1991). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.
 
 Anderson v. Liberty Lobby, Inc.,
 
 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).
 

 The legal standard does not change if the parties have filed cross-motions for summary judgment. Each party has the burden of establishing the lack of a genuine issue of material fact and entitled to judgment as a matter of law.
 
 Rains v. Cascade Indus., Inc.,
 
 402 F.2d 241, 245 (3d Cir.1969). The court will not automatically decide the ease at the summary judgment stage merely because the parties have filed cross-motions for summary judgment.
 
 Id.
 

 III. DISCUSSION
 

 The court first-must determine which state’s substantive law governs. In a diversity of citizenship action such as this, the court must apply the choice of law rules of the state in which it sits.
 
 Klaxon Co. v. Stentor Electric Mfg. Co.,
 
 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). For contract actions, Kansas courts follow the general rule “that the place where the contract is made controls its interpretation.”
 
 Equifax Servs., Inc. v. Hitz,
 
 No. 91-3109, 1992 WL 163282, at *3 (10th Cir.1992) (citing
 
 Frasher v. Life Investors Ins. Co.,
 
 14 KanA.pp.2d 583, 796 P.2d 1069, 1071 (1990), for rule of lex loci contractus). In the instant action, the last act necessary for formation of the insurance contract occurred at Teichmanris principal place of business in Pennsylvania. The court concludes that Pennsylvania law governs the interpretation of the insurance contract.
 

 At issue is the additional insured endorsement in the insurance policies between Teichmann and Wausau. The endorsement -in the general commercial liability policy
 
 [1]
 
 provides:
 

 
 *829
 
 Section Two — Who Is An Insured:
 

 5. Any person or organization other than a joint venture, for which you have agreed by written contract to procure bodily injury or property damage liability insurance, but only for liability arising out of operations performed by you or on your behalf, provide that:
 

 $ ‡ ifc
 

 b. The insurance afforded to any person or organization as an insured under this Paragraph 5. shall include only the insurance that is required to be provided by the terms of such agreement to procure insurance, and then only to the extent that such insurance is included within the terms of this policy.
 

 Neither party disputes that CertainTeed is an additional insured under the insurance policies. However, the parties disagree on the extent of coverage that the additional insured provision provides CertainTeed in the
 
 Dixon
 
 action. In that action, Dixon seeks damages for the injuries he sustained as a result of CertainTeed’s negligence.
 

 The court must determine whether the language contained in the additional insured endorsement is clear and unambiguous. If the language is clear and unambiguous, the court must give the words their plain and ordinary meaning.
 
 See Pacific Indem,. Co. v. Linn,
 
 766 F.2d 754, 760-61 (3d Cir.1985) (interpreting Pennsylvania law);
 
 Standard Venetian Blind Co. v. American Empire Ins. Co.,
 
 503 Pa. 300, 469 A.2d 563 (1983) (if “language of the contract is clear and unambiguous, a court is required to give effect to that language”).
 

 Additionally, if language in an insurance contract “creates a clear exclusion, that language controls.”
 
 L.F. Driscoll Co. v. American Protection Ins. Co.,
 
 930 F.Supp. 184, 187 (E.D.Pa.1996). Interpreting an exclusion in an insurance contract is a question of law for the court.
 
 Curbee, Ltd. v. Rhubart,
 
 406 Pa.Super. 505, 594 A2d 733, 735 (1991). Defendant, as the insurer, bears the burden of proving that an exclusion in the additional insured provision is applicable in this action.
 
 Myrtil v. Hartford Fire Ins. Co.,
 
 510 F.Supp. 1198, 1201 (E.D.Pa.1981) (citing
 
 Daburlos v. Commercial Ins. Co.,
 
 521 F.2d 18, 24 (3d Cir.1975)). If defendant invokes an exclusion to coverage, “that exception is effective against the insured only if it is ‘clearly worded.’”
 
 Home Ins. Co. v. McGovern,
 
 837 F.Supp. 661, 666 (E.D.Pa.1993) (quoting
 
 Pacific Indem.,
 
 766 F.2d at 761). If the exclusionary provision in the contract “is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer, the drafter of the agreement.”
 
 Standard Venetian,
 
 469 A.2d at 566.
 

 In its current motion, Wausau contends that it is justified in denying coverage to CertainTeed pursuant to Section 2, Paragraph 5 of the insurance policy (“additional insured endorsement”). Wausau asserts that Paragraph 5(b) limits the insurance coverage that it provided CertainTeed to that coverage which Teichmann was obligated to obtain pursuant to the terms of the construction contract with CertainTeed. Wausau maintains that Teichmann had no obligation under the construction contract to obtain insurance coverage to protect Teichmann against liability flowing from CertainTeed’s own acts of negligence. Thus, Wausau maintains that it is not obligated to indemnify CertainTeed in the event that CertainTeed is found negligent in the
 
 Dixon
 
 action.
 

 CertainTeed argues that the additional insured endorsement in Teichmann’s insurance policy requires Wausau to indemnify Certain-Teed for liability CertainTeed incurs that arises out of operations that Teichmann performed at CertainTeed’s plant. CertainTeed also claims that the terms of the construction contract required Teichmann to obtain insurance coverage to indemnify CertainTeed for CertainTeed’s own acts of negligence. Consequently, CertainTeed maintains the additional insured endorsement in Teichmann’s insurance policy covers CertainTeed’s potential liability for its own negligence in the
 
 Dixon
 
 action. The court agrees.
 

 
 *830
 
 The additional insured endorsement at issue provides coverage to the additional insured for liability “arising out of’ the operations of the insured,
 
 [2]
 
 but only to the extent that the coverage is required in the contract to procure insurance. Section 9.5 of the construction contract between Teichmann and CertainTeed required Teichmann to provide plaintiff with a certificate of insurance that verified Teichmann had secured insurance coverage for all of the liability that it assumed under the construction contract. Thus, the court must determine what liability Teichmann assumed under the construction contract to ascertain the scope of insurance coverage owed to CertainTeed under the additional insured endorsement.
 

 The construction contract between Teichmann and CertainTeed contains two indemnification provisions. Article 10 is the construction contract’s general indemnification provision. It provides:
 

 To the fullest extent permitted by law, [Teichmann] agrees to indemnify, defend, and hold harmless [CertainTeed] ... from and against all claims, demands, causes of action, losses, costs and expenses ... arising out of or incident to the performance of the Work or the presence of [Teichmann] ... on the premises of [CertainTeed] ... provided that such Losses are attributable to bodily injury, sickness, disease or death ... regardless of whether or not such Losses were caused in part by the negligence or other fault of [CertainTeed] ... and provided further that [Teichmann] shall not be liable for Losses caused by the sole negligence of [CertainTeed]
 

 Article 5.10 is the other indemnification provision of the construction contract. Under the heading “Health and Safety,” this provision provides that:
 

 [Teichmann] shall take all necessary precautions required in order not to jeopardize the health and/or safety of [Teichmann’s] personnel or property, [CertainTeed’s] or other contractors’ personnel or property, or members of the general public or their property. [Teichmann] and its subcontractor shall perform the Work in accordance with all applicable laws, ordinances, rules, regulations, and orders, of any public authority____ [Teichmann] further agrees to indemnify, defend, and hold [Certain-Teed] ... harmless from and against all claims, demands, causes of action, losses ... costs and expenses ... arising out of or incident to [Teichmann’s] or any Subcontractor’s failure to perform the Work, or any part thereof, in accordance with the requirements of this section.
 

 Wausau argues that the two indemnification provisions of the construction contract are in conflict because Article 10 requires indemnification for CertainTeed’s negligence and Article 5.10 is silent on that point. Based on the perceived conflict, Wausau contends that Teichmann was under no duty to indemnify CertainTeed for CertainTeed’s own acts of negligence.
 

 The court finds that the two indemnification provisions of the construction contract are unrelated. Section 5.10 covers liability that Teichmann would incur for its own failure to protect the health and safety of persons or property associated with the construction project. On the other hand, Article 10 establishes Teichmann’s duty to indemnify CertainTeed in the event that a cause of action is brought against CertainTeed that could be unrelated to health and safety issues, but would arise from Teichmann’s work at CertainTeed’s plant. Under Article 10, Teichmann had to indemnify CertainTeed even if the loss resulted from CertainTeed’s
 
 *831
 
 own negligence. Accordingly, this is part of the liability that Teichmann assumed under the construction contract.
 

 As previously noted, Section 9.5 of the construction contract required Teichmann to secure insurance that would indemnify CertainTeed for any liability that Teichmann assumed under that contract. The court finds that the express language in the construction contract required Teichmann to provide CertainTeed with insurance coverage that would indemnify CertainTeed for its own negligence, except for its sole negligence, in a cause of action arising from Teichmann’s work at CertainTeed’s plant.
 

 Wausau argues that even if the construction contract requires indemnification for CertainTeed’s own acts of negligence, any liability arising in the
 
 Dixon
 
 action would be the result of CertainTeed’s sole negligence. The court disagrees. In his second amended complaint, Dixon names CertainTeed and Precision Constructors, Inc. (“Precision Constructors”) as defendants. CertainTeed engaged the services of Precision Constructors to coordinate the work of the contractors on the construction project. Dixon claims that both CertainTeed and Precision Constructors were negligent in keeping the premises in a reasonably safe condition. Thus, Dixon’s complaint alleges that it was not the sole negligence of CertainTeed, but the negligent actions of multiple parties that caused his injuries.
 

 Wausau further contends that indemnification is improper because the Kansas comparative negligence statute, K.S.A. 60-258(a), mandates that CertainTeed could only be liable for its sole negligence in the
 
 Dixon
 
 action. It appears to the court that Wausau ignores the Kansas Court of Appeal’s decision in
 
 Bryant v. All Temperature Insulation, Inc.,
 
 22 Kan.App.2d 387, 916 P.2d 1294 (1996). In
 
 Bryant,
 
 the court found that apportioning fault to more than one party does not allow a party to “escape its contractual obligation of reimbursement” under a sole negligence provision in an indemnification agreement. 916 P.2d at 1299.
 

 As a result of the court’s finding, Wausau is liable under the additional insured endorsement to indemnify CertainTeed in the
 
 Dixon
 
 action. As previously noted, it is Wausau’s burden to establish that the language of the additional insured endorsement excluded coverage. Because the additional insured endorsement requires Wausau to provide insurance coverage to the additional insured if the contract to procure insurance requires that coverage, Wausau must indemnify CertainTeed for any liability that CertainTeed incurs in the
 
 Dixon
 
 action that does not result from CertainTeed’s sole negligence. The court concludes that Certain-Teed is entitled to summary judgment on the issue of Wausau’s duty to indemnify Certain-Teed.
 

 CertainTeed also seeks summary judgment on its claim that Wausau has a duty to defend CertainTeed in the
 
 Dixon
 
 action. Under Pennsylvania law, “the insurer’s duty to defend is broader than its duty to indemnify an insured.”
 
 Pennsylvania Turnpike Commission v. Transcontinental Ins. Co.,
 
 No. 94-5039, 1995 WL 465197, at *10 (E.D.Pa.1995). If the pleadings in the
 
 Dixon
 
 action stated a claim that “potentially or arguably” falls within the insurance policy’s coverage, Wausau must defend the claim.
 
 Id.
 

 On September 27, 1994, counsel for CertainTeed sent a letter to Wausau requesting that Wausau represent and indemnify CertainTeed in the
 
 Dixon
 
 action. Wausau responded to CertainTeed’s request by letter on October 24, 1994. In that letter, Wausau denied CertainTeed’s request for coverage stating that the claims presented in the
 
 Dixon
 
 action were not within the scope of coverage provided under the additional insured endorsement in the insurance policy between Teichmann and Wausau. Wausau also refused to defend CertainTeed in the
 
 Dixon
 
 action.
 

 Wausau’s decision not to defend Certain-Teed in the
 
 Dixon
 
 action was in error. As the court noted in
 
 Pennsylvania Turnpike,
 
 an insurer’s mistake in deciding not to provide a defense in an underlying action is sufficient to make the insurer liable “for the costs and attorneys fees incurred by the [insured] in defense of the underlying action.”
 
 Id.
 
 at *11.
 

 
 *832
 
 The court finds that CertainTeed is entitled to its costs and attorneys’ fees expended in the
 
 Dixon
 
 action. Had Wausau assumed the defense of that action, CertainTeed would not have incurred that expense. Because no genuine issue of material fact exists with respect to Wausau’s duty to defend, the court concludes that CertainTeed is entitled to summary judgment on this ground. However, the court does not find that Wausau acted in bad faith in denying CertainTeed a defense in the
 
 Dixon
 
 action. Thus, the court denies CertainTeed’s request for prejudgment interest.
 

 IT IS, THEREFORE, BY THE COURT ORDERED that defendant’s motion (Doe. 54) for summary judgment is denied.
 

 IT IS FURTHER ORDERED that plaintiff’s motion (Doc. 57) for summary judgment is granted.
 

 Copies of this order shall be mailed to counsel of record for the parties.
 

 IT IS SO ORDERED.
 

 [1]
 

 . The parties do not dispute that the language of the additional insured endorsement in the commercial umbrella policy is substantially similar to • the language of the additional insured endorse
 
 *829
 
 ment in the general commercial liability policy. For purposes of the court's discussion, it will consider the two policy provisions in tandem.
 

 [2]
 

 . It appears to the court that Wausau concedes that the "arising out of” language in the additional insured endorsement of the insurance policies would obligate it to indemnify CertainTeed for CertainTeed’s independent acts of negligence. See
 
 Township of Springfield v. Ersek,
 
 - Pa. Cmwlth. -, 660 A.2d 672, 676-77 (Pa. Commw.Ct.1995) (court found that additional insured provision with phrase "arising out of" was ambiguous and that this language was sufficient to provide coverage for the negligent actions of the additional insured). As the court, however, will discuss, Wausau argues that additional exclusionary language in the additional insured endorsement incorporates the construction contract between Teichmann and CertainTeed into the insurance policy and that the construction contract eliminates Wausau’s liability to indemnify CertainTeed for CertamTeed’s own acts of negligence.