WEST BEND MUTUAL INSURANCE COMPANY, Plaintiff-Appellant, v. SUNDANCE HOMES, INC., *et al.*, Defendants.—GREAT AMERICAN INSURANCE COMPANIES, Plaintiff-Appellee, v. WEST BEND MUTUAL INSURANCE COMPANY, Defendant-Appellant.

First District (5th Division)   No. 1—91—3299

Opinion filed November 6, 1992.

McKenna, Storer, Rowe, White & Farrug, of Chicago (James P. DeNardo, Samuel A. Purves, and Kathleen C. Jones, of counsel), for appellant.

Michael Resis, of Querrey & Harrow, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

West Bend Mutual Insurance Company (West Bend) appeals the trial court's grant of summary judgment to Great American Insurance Companies (Great American). The trial court found that the additional insured endorsement on West Bend's policy to subcontractor, Lenny Szarek, Inc. (Szarek), did provide coverage to general contractor, Sundance Homes (Sundance), in its litigation with an injured worker, Ronald Bass. For the reasons which follow, we affirm.

The Bass litigation arose following a February 1989 construction site accident in which Ronald Bass, a carpenter employed by Szarek, allegedly sustained personal injuries when he fell from a scaffold upon which he was working. Following this incident, Bass sued Sundance (the general contractor of the construction project) for violation of the Structural Work Act (Ill. Rev. Stat. 1987, ch. 48, pars. 60 through 69).

At the time of the accident, Sundance was insured under a general liability policy issued by Great American. Additionally, a West Bend policy (purchased by Szarek, pursuant to his contract with Sundance) named Sundance as an additional insured and provided coverage under the limited circumstance where liability would be imputed to Sundance as a result of Szarek's conduct or actions.

In a letter dated April 5, 1989 (and before being formally served in the underlying lawsuit), Great American demanded that West Bend assume the handling of the Ronald Bass claim. On April 17, 1989 (also prior to service of the Bass complaint), West Bend acknowledged Sundance's status as an additional insured and agreed to handle the claim. After actually reviewing the Bass complaint, West Bend declined to provide a defense to Sundance, maintaining that the complaint contained no allegation imputing liability to Sundance as a result of the actions or conduct of Szarek. West Bend further filed a complaint for declaratory

relief against Sundance and Robert Bass. Great American filed for a declaration of rights between itself and West Bend. Following consolidation of these actions, the trial court granted Great American's motion for summary judgment, finding that based on the Szarek policy, West Bend did have the duty to defend Sundance in the action at bar.

■ West Bend appeals the judgment of the circuit court arguing that the allegations of the Bass complaint do not bring the underlying lawsuit within the scope of coverage of the additional insured endorsement of the Szarek policy. Although Great American argues that West Bend has waived the right to assert coverage defenses becauses it initially agreed to handle the claim, we do not agree. West Bend's initial response to Great American's tender of the claim was made without benefit of the complaint and therefore cannot be considered an intentional relinquishment of known rights. Neither is West Bend estopped from asserting coverage defenses as Sundance did not prejudicially rely on West Bend's initial agreement to defend. See *Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 499, 475 N.E.2d 872, 879.

The endorsement at issue provides the following coverage:

"That entity [Sundance Homes] shall be covered for all liabilities for bodily injury, property damage or death that are imputed to it as a result of the actions or conduct of the Named Insured [Lenny Szarek] on this policy ***."

While the language of the one-count complaint does state a cause of action against Sundance for its own violation of the Structural Work Act (Ill. Rev. Stat. 1987, ch. 48, pars. 60 through 69), paragraph four, which alleges that Sundance was one of the parties in control, impliedly recognizes the possibility that other parties (namely Szarek) may also have been in charge. Moreover, Sundance's third-party complaint against Szarek for contribution as well as statements by co-workers raise the possibility that Szarek may also have been at fault. Furthermore, West Bend's own attorney admitted to the trial court that "depending on what the facts are proven to be in the underlying case, there very well could be proof that liability to Sundance was imputed from Szarek's own actions."

■ ■ It is a well-settled principle of insurance law that the duty to defend is broader than the duty to indemnify. (*Zurich Insurance Co. v. Raymark Industries, Inc.* (1987), 118 Ill. 2d 23, 514 N.E.2d 150.) Thus, even if the insurer may not ultimately be obligated to indemnify, if the allegations in a complaint state a cause of action that gives rise to the possibility of a recovery under the policy, the insurer's duty to defend is called into play. (*Western Casualty & Surety Co. v. Adams County* (1989), 179 Ill. App. 3d 752, 534 N.E.2d 1066.) Moreover, the threshold

for pleading duty to defend is minimal. (*Management Support Associates v. Union Indemnity Insurance Co.* (1984), 129 Ill. App. 3d 1089, 473 N.E.2d 405.) When there is doubt about such duty, it is to be resolved in favor of the insured, and the insurer can only safely and justifiably refuse to defend when the allegations clearly show on their face that the claim is beyond policy coverage. (*Management*, 129 Ill. App. 3d at 1096.) The complaint must be construed liberally, any doubts about potential coverage being construed in favor of the insured. (*La Rotunda v. Royal Globe Insurance Co.* (1980), 87 Ill. App. 3d 446, 408 N.E.2d 928.) Additionally, though the action at bar is for declaratory judgment, the court "need not wear judicial blinders" and may look beyond the complaint at other evidence appropriate to a motion for summary judgment (for example, the statements of Bass' co-workers as well as the third-party complaint against Szarek). See *Travelers Insurance Cos. v. P.C. Quote, Inc.* (1991), 211 Ill. App. 3d 719, 724, 570 N.E.2d 614; see also *Fidelity & Casualty Co. v. Envirodyne Engineers, Inc.* (1983), 122 Ill. App. 3d 301, 305, 461 N.E.2d 471.

■ Relying on the aforementioned authority, and without expressing any opinion as to West Bend's ultimate responsibility for indemnity of Sundance, we find that the allegations of the complaint bring the underlying action well within the coverage of the Szarek policy.

West Bend (relying on *Allison v. Shell Oil Co.* (1986), 113 Ill. 2d 26, 495 N.E.2d 496) further contends that the policy at issue, which provides coverage for "imputed liability," does not provide coverage in the case at bar, because the Structural Work Act does not allow for liability to be imputed. If this line of reasoning is pursued, it would result in the determination that Szarek purchased nothing with the additional premiums he paid to West Bend for the privilege of naming Sundance as an additional insured. We find that this interpretation of "imputed" is both strained and narrow. We are not prepared to find, at least on a motion for summary judgment on the duty to defend, that there are no allegations of fact which might possibly bring the underlying litigation within the coverage of the policy at issue.

For the aforementioned reasons, the judgment of the trial court is affirmed.

Affirmed.

MURRAY and GORDON, JJ., concur.